```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
        - against -                        :         07-CR-1039 (LAK)
                                           :
IRVING SANTIAGO,                           :
                                           :
                        Defendant.         :
------------------------------------------------------------x
```

# SENTENCING MEMORANDUM #1

# ReedSmith

ReedSmithLLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450

Harry H. Rimm
Direct Phone: +1 212 205 6080
Email: hrimm@reedsmith.com

June 20, 2008

**VIA HAND DELIVERY**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
40 Centre Street
New York, New York 10007

Re:   United States v. Irving Santiago, 07-CR-1039(LAK)

Dear Judge Kaplan:

I am counsel for defendant Irving Santiago ("Santiago") and write to set forth Santiago's sentencing submission in connection with his sentencing on July 2, 2008 at 10:15 a.m.

## Objections and Responses to the Presentence Investigation Report

These objections and responses relate to the presentence investigation report prepared and initially disclosed on or about May 14, 2008 (the "Report"). A revised and updated presentence report has not been circulated. While none of the following objections and responses to the Report affects sentencing calculations for Santiago, we believe that each is important for the Court's consideration.

In connection with paragraphs 7(a) through and including 7(f) of the Report, Mr. Santiago objects to the extent that these paragraphs (a) recite facts outside of those set forth by Mr. Santiago on the record during his guilty plea allocution on March 18, 2008; (b) concern conduct -- involving other individuals -- of which Mr. Santiago is unaware and lacks personal knowledge; and (c) rely on and/or are supported by information and materials relating to other defendants and co-conspirators that have not been made available to Mr. Santiago.

In connection with paragraph 7(e) of the Report, Mr. Santiago notes that his conviction was in 2000.

In connection with paragraph 11 of the Report, Mr. Santiago respectfully refers to his March 18, 2008 plea allocution.

In connection with paragraphs 26, 28, 30, 32, 34, 36, 38, 40 and 42, Mr. Santiago objects to the inclusion of these arrests and convictions because of their age and because the descriptions are based on arrest reports and court documents that have not been made available to Mr. Santiago. In addition, Mr. Santiago objects to the inclusion of those paragraphs relating to offenses that did not result in any criminal history points being assessed. Finally, in connection with paragraphs 26 and 34 of the Report, Mr. Santiago objects to the recitation of the facts (¶ 26) and the suggestion that he possessed a handgun (¶ 34).

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH

OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

reedsmith.com

Honorable Lewis A. Kaplan
June 20, 2008
Page 2

**ReedSmith**

       In connection with paragraphs 45 through and including 49 and 59 through and including 65, Mr. Santiago notes that ages, periods of time (years) and amounts of money are only approximate.

       In connection with paragraph 49 of the Report, Mr. Santiago notes that Melinda Badillo, Mr. Santiago's longtime girlfriend, is enrolled in an ACS program and is soon scheduled to have their daughter returned to her custody and control.

       In connection with paragraph 55 of the Report, Mr. Santiago objects to the description of the section where he previously resided as being for "mental patients" and notes that he no longer resides in the "psych unit." In addition, Mr. Santiago is taking one medication daily for depression and one medication daily for sleeping problems.

       In connection with paragraph 61 of the Report, Mr. Santiago notes that he received a certificate in custodial maintenance and after taking part in a six month course offered at John Jay College.

       In connection with paragraph 64 of the Report, Mr. Santiago notes that Art's was located in an office building near the World Trade Center site.

**Sentencing Considerations**

       We respectfully request that you sentence Mr. Santiago to a term of incarceration no greater than 37 months.

       First, Mr. Santiago has expressed remorse for his actions and will do so again at the time of sentence. Second, Mr. Santiago did not resist arrest; his co-defendant, Mr. Rodriguez, "flailed his arms and legs to resist being handcuffed." See Report ¶ 7(c). Third, Mr. Santiago's criminal record is a result of his drug use and abuse dating back to age nine, a use and abuse that we hope can be addressed and treated through intensive counseling and treatment within the Bureau of Prisons. See Report ¶ 57. Fourth, Mr. Santiago is a skilled worker, eager to re-enter the work force. See Report ¶¶ 61, 64. Fifth, Mr. Santiago has a young child whom he supports and hopes to continue to raise. See Report ¶ 49. Finally, Mr. Santiago continues to express a desire to return to society and to become a useful and productive citizen.

       Respectfully submitted,

       Harry H. Rimm

cc: Carrie Cohen, Esq. (Via Hand Delivery)